IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WILLIAM SEXTON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL ACTION NO.** |
| § | |
| **TEXAS CHILDREN'S HOSPITAL, and** § | |
| **DENNIS INDIERO, individually,** § | |
| § | |
| **Defendants.** § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff William Sexton files this Original Complaint against Defendants Texas Children's Hospital and Dennis Indiero, individually, (collectively, "Defendants") alleging wrongful discharge as a form of discrimination in violation of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA"). Plaintiff requests equitable relief, damages, interest, and costs for Defendants' unlawful acts.

### I. PARTIES AND SERVICE

1. Plaintiff William Sexton ("Plaintiff") is an individual who at all relevant times resided in Harris County, Texas.

2. Defendant Texas Children's Hospital ("Hospital") is a Texas domestic nonprofit corporation headquartered in Houston, Texas. The Hospital may be served via its registered agent, Lance A. Lightfoot, 6651 Main Street, Suite E520, Houston, Texas 77030, or wherever it may be found.

3. Defendant Dennis Indiero ("Indiero") is a natural person believed to be residing at 839 Fairdale Avenue, Saint Louis, MO 63119. Federal Rule of Civil Procedure 4(e)(1) authorizes

serving Indiero in any manner allowed by Texas law. Pursuant to Texas Civil Practice & Remedies Code §17.044, Indiero can be served by serving two copies of a summons and this Complaint, by certified mail, return receipt requested, directed to Indiero, through the Texas Secretary of State as an agent for service of process at the following address: Secretary of State, Citations Section, James E. Rudder Building, Room 105, 1019 Brazos, Austin, Texas 78701.

## II.    JURISDICTION AND VENUE

4.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 38 U.S.C. § 4323(b)(3) because this matter involves controversies arising under the laws of the United States, including the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 *et seq.* ("USERRA").

5.    Venue is proper in the Southern District of Texas, under 28 U.S.C. § 1391(b)(1) and (2), and under 38 U.S.C. § 4323(c)(2), because one or more of the Defendants reside and maintain a place of business in this District and because a substantial part of the events or omissions forming the basis of the suit occurred in this District.

## III.    FACTUAL SUMMARY

6.    Plaintiff was hired in September 2017 as the Assistant Director, Radiology for Defendant Texas Children's Hospital (the "Hospital"). Alex Koroll was his supervisor upon hiring.

7.    In late 2018, Dennis Indiero was hired by the Hospital as Director of Radiology and became Plaintiff's supervisor.

8.    At all times relevant, Defendant Indiero had been delegated by the Hospital to have the authority to hire and fire Plaintiff, and to supervise and control the conditions of Plaintiff's employment with the Hospital.

9. Shortly after Indiero was hired, Plaintiff informed him of his enrollment in the United States Army Reserve, which would necessitate two periods of leave shortly after his hiring.

10. Indiero created a "special projects" Assistant Director position for Krista Finster to oversee "Special Projects" and Manage the Project Managers in the spring of 2019.

11. In March 2020, Plaintiff advised Indiero he had received notice of required training to begin in mid-summer 2020. Plaintiff also submitted his request for leave of absence at that time.

12. Plaintiff worked his last shift at the Hospital before deploying on or about June 18, 2020. During his deployment, Plaintiff's job duties were temporarily redistributed to Assistant Director Terry Schuelke and Finster.

13. Plaintiff texted Indiero on November 6, 2020, to remind him Plaintiff would be returning November 9, 2020.

14. On November 9, 2020, Plaintiff received an email confirming that the Hospital's employees would be receiving merit increases.

15. Also on November 9, 2020, Finster stated, per Indiero's request, she would be retaining the ultrasound and women's pavilion department which had previously been Plaintiff's responsibility.

16. On November 11, 2020, Indiero and Practice Administrator Keith Wellmeyer met with Plaintiff and informed Plaintiff that the Hospital was terminating Plaintiff's employment.

17. Indiero proceeded to berate Plaintiff for his absence, claiming that Plaintiff – while deployed with the United States Army Reserve – did not remember the Hospital's "predicaments" since Plaintiff had been "gone," implying Plaintiff's absence was directly related to his termination.

18. Instead of ensuring that Plaintiff would return from his deployment serving his county to the same position as when his deployment began, Defendants instead completely replaced Plaintiff with Finster, as it had started to do just days prior to his return to work.

19. Defendants' reasons for terminating Plaintiff's employment were mere pretext for terminating him in violation of USERRA.

20. All conditions precedent have been performed or have occurred.

## IV. CAUSES OF ACTION

**COUNT ONE:** **WRONGFUL DISCHARGE IN VIOLATION OF USERRA**

21. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

22. At all times relevant, Plaintiff was a member of the United States Army Reserves.

23. When Plaintiff worked for the Hospital, each Defendant was an "employer" as defined by USERRA with respect to Plaintiff.

24. During the relevant time period, Defendants violated USERRA, 38 U.S.C. § 4311(a) and (b) because Plaintiff's military status, his performance or obligation for service in the uniformed services, and/or his exercising of rights afforded to him under USERRA were substantial or motivating factors in Defendants' decision to terminate his employment.

25. Plaintiff is therefore entitled to damages equal to his lost wages and benefits. *See* 38 U.S.C. § 4323(d)(1)(B).

26. Plaintiff is also entitled to a separate amount equal to his lost wages and benefits as liquidated damages. *See id.* § 4323(d)(1)(C).

27. Plaintiff is also entitled to equitable relief, reasonable attorneys' fees, expert witness fees, costs and other litigation expenses, and pre- and post-judgment interest.

## V. JURY DEMAND

28. Plaintiff demands a jury trial and has tendered the appropriate fee.

## VI. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Issue summons for Defendants to appear and answer;

B. Award to Plaintiff a judgment against Defendants for:

1. Lost wages and benefits (both past and future), the sum to be determined at time of trial;

2. Liquidated, and exemplary damages in the maximum amount permitted by law;

3. Such other equitable relief as may be appropriate;

4. Pre- and post-judgment interest;

5. Attorneys' fees;

6. Expert witness fees and other litigation expenses; and

7. Costs.

Plaintiff further requests such other relief to which he is entitled in law or in equity.

Respectfully Submitted,

/s/ Jennifer J. Spencer
Jennifer J. Spencer
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
WILLIAM SEXTON**